In re BLANK et al.

(District Court, E. D. Pennsylvania. November 2, 1916.)

No. 5493.

1. BANKRUPTCY ⬤⇒407(5)—DISCHARGE—FALSE STATEMENTS.
   A bankrupt, who obtained money or property on credit upon a materially false statement in writing, made for the purpose of obtaining the credit, must be denied his discharge under Bankr. Act July 1, 1898, c. 541, § 14b, 30 Stat. 550 (Comp. St. 1913, § 9598), although the creditor might have discovered the falsity of the statement by an investigation of the real estate records.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 760, 761; Dec. Dig. ⬤⇒407(5).]

2. BANKRUPTCY ⬤⇒407(5)—DISCHARGE—RIGHT TO.
   In such case a discharge will not be granted, where the statement of the bankrupt's financial condition omitted an indebtedness for moneys borrowed from a building and loan association, on the theory that the omission was immaterial, because the money was secured by a mortgage or a pledge of stock in the corporation.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 760, 761; Dec. Dig. ⬤⇒407(5).]

3. BANKRUPTCY ⬤⇒407(5)—DISCHARGE—FALSE STATEMENTS.
   Where a statement prepared by one member of a partnership on which to obtain credit omitted individual indebtedness of members of the firm due their relatives, the omission is such as to preclude his discharge under the act.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 760, 761; Dec. Dig. ⬤⇒407(5).]

4. BANKRUPTCY ⬤⇒407(5)—DISCHARGE—RIGHT TO—MATERIAL MISSTATEMENTS.
   Where a bankrupt omitted liabilities amounting to $4,700 from a statement prepared to secure credit, and it appeared that the total assets were about $43,000, and the liabilities listed about $19,000, the amount of the omitted assets is such that the omission cannot be deemed immaterial, and the bankrupt granted a discharge, despite the act.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 760, 761; Dec. Dig. ⬤⇒407(5).]

In Bankruptcy. In the matter of the bankruptcy of David Blank and Edward Blank, individually, and trading as Blank Bros. Upon exceptions to report of special referee upon specifications of objection to bankrupts' discharge. Exceptions dismissed, report of referee confirmed, and application of Edward Blank for discharge refused, while that of David Blank granted.

Clinton O. Mayer, of Philadelphia, Pa., for bankrupts.

Nathaniel I. S. Goldman and J. Howard Reber, both of Philadelphia, Pa., for exceptant.

THOMPSON, District Judge. The facts are fully set out in the report of the referee. He bases his recommendation that the discharge of the bankrupt, Edward Blank be refused upon the ground that building association mortgages, to the amount of $2,000, and debts to relatives of the bankrupts for money loaned, amounting to $2,700, were omitted from the statement.

Counsel for the bankrupt contends that the referee erred in finding an intent to deceive. There is no denial that, when Edward Blank made the statement to Liberman Bros., he knew of the existence of the additional mortgages upon the real estate, and of the liabilities of the partners to their relatives.

The case does not come within the facts appearing in Gilpin v. Merchants' National Bank, 165 Fed. 607, 91 C. C. A. 445, 20 L. R. A. (N. S.) 1023, where it was held that the words "false statement" connote a guilty scienter on the part of the bankrupt. In the Gilpin Case the statement to the bank was prepared and sent by a bookkeeper, and there was no evidence that the bankrupt had any knowledge of its untruth upon that ground. The referee followed the Gilpin Case in recommending the discharge of the other partner, David Blank.

It is contended by counsel for Edward Blank that, although the statement was untrue, it was not within the meaning of the word "false," as defined by Judge Gray in the Gilpin Case, for three reasons: (1) Because the building association mortgages were upon record, and an examination in the recorder's office would have disclosed their existence; (2) because the impression of the bankrupt was that the money was borrowed upon the security of shares in the building association of the individual members of the firm; and (3) because the debts were individual and not firm liabilities.

[1] The first of these contentions cannot be sustained, because it would mean that, although a statement for the purpose of obtaining credit may be knowingly untrue, it is not to be regarded as false if the creditor may by inquiry elsewhere discover the truth.

[2] As to the second contention, the materiality of the omission, under the head of "Liabilities," of the indebtedness for the $2,000 borrowed from the building association, is the same, in determining the net worth of the partners, whether it was secured by mortgage or by the shares of stock, except as to the effect of the lien upon the real estate created by the mortgage. The intent to suppress the fact of the $2,000 liability may well have been found upon either theory.

[3] The third contention will be considered in connection with the omission from the statement under the head of "Other Liabilities" of the indebtedness of the partners to relatives. As to these debts, it is likewise contended by counsel for the bankrupts that there could have been no intention to deceive, because the partners owed the

money as individuals, and therefore they were not firm debts, and did not, at the time the statement was made, appear upon the partnership books.

It is not necessary to elaborate the proposition that the individual liabilities of partners affect the resources to which creditors may look for payment of the firm's debts. As stated in the referee's report, he regarded the concealment of the loan to relatives as a more fatal omission from the credit statement than the mortgage on real estate, because it is a matter of common experience that relatives receive first consideration in case of insolvency. That the referee was justified in that conclusion in this case appears from the following statement in the brief for Edward Blank:

"It was shown subsequently that these bankrupts did not have the ready cash to pay out of their individual account, and this money was then paid by the firm and charged up on the books of the firm against each individual member of the partnership."

[4] It was further argued that the materiality of the omission is not established because of the relation of the amounts omitted to the amount of surplus set out in the statement. The amount of the total assets was stated to be $42,710.73, and the total liabilities $19,270.35, leaving a net surplus of $23,440.43. The total of omitted liabilities amounted to $4,700, which would reduce the surplus to $18,740.43. There may, indeed, be a point at which the proportion of sums omitted in an untrue statement to the total sum of liabilities or surplus may be so insignificant as to have no weight in making the untruth material.

I cannot agree with counsel for the bankrupt that in this case the sums omitted were so insignificant as to be immaterial. In consideration of this question, each case must stand upon its own facts. The referee has found that they are material in amount, and that credit would have been refused if they had been declared. I discover no error in the findings of the referee, nor in his conclusion that the omission of the building association mortgages and the debts of the relatives are false statements within the meaning of section 14b (3) of the Bankruptcy Act.

It is ordered that the exceptions be dismissed, and the report of the referee confirmed, that the application for discharge of Edward Blank be refused, and that the application for discharge of David Blank be granted.